**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4163**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MELANIE DENNIS POSTON,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:09-cr-00514-TLW-1)

———————

Submitted:  February 10, 2011      Decided:  February 16, 2011

———————

Before WILKINSON and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

David  B.  Betts,  Columbia,  South  Carolina,  for  Appellant.
William E. Day, II, Assistant United States Attorney, Florence,
South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melanie Dennis Poston appeals from her conviction for conspiracy to possess with intent to distribute prescription substances and her resulting 125-month sentence entered pursuant to her guilty plea. On appeal, Poston's attorney has filed an Anders[*] brief, concluding that there are no meritorious issues for appeal but questioning whether the district court failed to comply with Fed. R. Crim. P. 11 rendering Poston's plea involuntary. Although informed of her right to do so, Poston has not filed a supplemental brief. After a thorough review of the record, we affirm.

Poston contends that the district court failed to inform her of her right to persist in her previous plea of not guilty and her right to have an attorney appointed to represent her if she could not afford one, in violation of Rule 11. However, our review of the record discloses that the court informed Poston that she could either proceed to a jury trial or plead guilty and that, should she choose to go to trial, she would have the right to assistance of counsel. In addition, Poston specifically changed her plea to guilty at her Rule 11 hearing, expressly stated that she wished to plead guilty, and was represented by appointed counsel earlier in her proceedings.

---

[*] Anders v. California, 386 U.S. 738 (1967).

2

Thus, even if the district court's colloquy was somehow technically insufficient, Poston cannot show that any error affected her substantial rights. See United States v. General, 278 F.3d 389, 393 (4th Cir. 2002) (standard of review for unpreserved error). Accordingly, this claim of error is without merit.

Pursuant to Anders, we have conducted an independent review of the record in this case, and we find no meritorious issues for appeal. As such, we affirm Poston's conviction and sentence. This court requires that counsel inform Poston in writing of her right to petition the Supreme Court of the United States for further review. If Poston requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Poston. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED